### TIFFANY v. UNITED STATES.

(Circuit Court, S. D. New York. February 6, 1895.)

No. 1,122.

1. CUSTOMS DUTIES—TRAVELING CLOCKS.
    Traveling clocks *held* dutiable as manufactures of metal, under Act Oct. 1, 1890, par. 215.
2. SAME—BRONZE STATUES.
    Bronze statues *held* dutiable as manufactures of metal, under Act Oct. 1, 1890, par. 215, and not as "statuary," under paragraph 465, not being "wrought by hand" from metal.

This was an application by Tiffany, the importer of certain French traveling clocks and bronze statues, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on such merchandise.

William B. Coughtry, for importer.

Wallace Macfarlane, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty.

COXE, District Judge (orally). There are two branches to this controversy. The first relates to certain importations known as traveling clocks; the second relates to two bronze statues known as "Manon l'Escaut" and "Christopher Columbus." The collector assessed the traveling clocks under paragraph 215 of the act of 1890 as "manufactures of metal." The importer protested, insisting that they should have been classified either directly, or by reference to the similitude clause, under paragraph 211 of the same act, which provides for "watches, parts of watches, watch cases, watch movements," etc. There is no dispute that the articles in question are traveling clocks. They usually consist of a case of brass and plate glass, which contains the watch or clock movement, the whole being surrounded by an outer case of leather. They are intended to be carried by travelers, and when in use are placed upon the table, mantel, etc. They are never carried upon the person and are not suitable for such use. It cannot be said therefore in any view that they are watches or parts of watches, nor can it be said that the similitude clause operates, for the reason that, being specifically covered by paragraph 215 as manufactured articles, they are not nonenumerated.

As to the second branch of this controversy, relating to the two bronze statues, the collector assessed duty upon them under the same paragraph as "manufactures of metal." They are claimed by the importer to be dutiable at 15 per cent. under paragraph 465 as "statuary," wrought by hand from metal, by a professional sculptor. There is no question upon this proof that both of these statues are the works of a sculptor of recognized ability. They came here accompanied by the sculptor's certificate. The evidence is undisputed that they are original productions, and also that they were fashioned and finished after coming from the mold by the hand of the sculptor himself. They were not made by skilled workmen or mechanics. Merritt v. Tiffany, 132 U. S. 167, 171, 10 Sup. Ct. 52. It is strongly my impression that the proof brings these importations within paragraph 465. But it is stated that they are not within that paragraph, because it does not cover a bronze statue which is molded, but refers only to such statues as are wrought by the hand of the sculptor himself. It seems to me that such a construction practically excludes all bronze statues, and a large number of marble statues as well, for the proof shows, and it is well known to all familiar with the matter, that the sculptor himself very frequently does not touch the marble. The more eminent the sculptor, the less likely

is he to do the work of the skilled workman. While this is my impression from the testimony presented, it seems that the question has been passed upon by this court in a case which, I understand, related to importations precisely similar and was presented upon identical testimony. If this be true, it is clearly an authority which is controlling. There is nothing to distinguish the present issue from the issue that was there tried. Therefore the decision of the board of appriasers upon both branches of the controversy must be affirmed.